```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

| | |
|---|---|
| Ronald Brown, et al., : | |
| Plaintiffs, : | |
| v. : | Case No. 2:13-cv-1225 |
| Florida Coastal Partners, LLC, : | JUDGE PETER C. ECONOMUS |
| et al., | Magistrate Judge Kemp |
| : | |
| Defendants. | |

                        OPINION AND ORDER

Plaintiffs Ronald Brown and Tonya Brown are property owners who are subject to a foreclosure action in state court. They filed this lawsuit against certain entities and individuals who they claim defrauded them, violated the Fair Debt Collection Practices Act, and clouded the title to their property in connection with the mortgage involved in the foreclosure action.

Several motions are currently pending before the Court: Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 19), a Motion to Dismiss by Defendant Charles R. Griffith Pursuant to Civil Rule 12(b)(6) and 9(b) (Doc. 15), two motions for change of venue filed by Plaintiffs (Docs. 9 & 12), and Plaintiffs' Motion for Rehearing (Doc. 26). Plaintiffs have also filed a Notice of Removal / Federal Rule 18 Joinder of Claims (Doc. 27) and Notice of Electronic Transfer of Docket Entries (Doc. 28). This Opinion and Order, which will rule on all of the pending motions, is a final order based on the parties' consent to the jurisdiction of the Magistrate Judge and the District Judge's order of reference (Doc. 22).

                   I.   PROCEDURAL BACKGROUND

In 2008, Mr. and Mrs. Brown were named as defendants in a state foreclosure action in the Delaware County Court of Common

Pleas, Case No. 08-CVE-12-1598.  A Chapter 7 bankruptcy proceeding was initiated on October 25, 2011, in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, at Columbus, and assigned Case No. 2:11-BK-60762.  In 2012, Mr. and Mrs. Brown filed an Adversary Proceeding, Case No. 2:12-AP-02059 (S.D. Ohio), which is now closed.  In 2013, Mr. and Mrs. Brown filed another Adversary Proceeding, Case No. 2:13-AP-02155 (S.D. Ohio), which has been dismissed, but in which there is a pending motion for reconsideration.

On December 13, 2013, Mr. and Mrs. Brown filed this action alleging that Defendants Florida Coastal Partners, LLC ("Florida Coastal") and John Doe, Individuals 1-50 violated the Fair Debt Collection Practices Act and committed fraud in connection with the mortgage on Mr. and Mrs. Brown's property.  Mr. and Mrs. Brown also brought an action for quiet title.  On January 3, 2014, Mr. and Mrs. Brown filed an amended complaint adding Charles R. Griffith, Statutory Agent for Florida Coastal, as a defendant and adding, among other allegations, a count for slander of title.  Finally, on January 31, 2014, the Browns filed a motion for leave to file an amended complaint.  The proposed "3rd Amended Complaint" would add Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. ("Carlisle") as a defendant, and add claims for "slander of credit" and "emotional distress" as well as additional factual allegations.

## II. MOTION TO AMEND

Generally, motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that after the time for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P.

2

15(a).  The higher standard set forth in Rule 16(b) for modifying a scheduling order only applies when a court has issued a scheduling order setting a deadline for motions to amend the pleadings.  Fed. R. Civ. P. 16(b).  The Court has not entered a scheduling order in this case.  Accordingly, the liberal standard set forth in Rule 15(a) applies here.

Under this standard, motions for leave to amend may be denied "where the court finds 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  Marquette Gen. Hosp. v. Excalibur Med. Imaging, LLC, 528 F. App'x 446, 448 (6th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).  Fed. R. Civ. P. 12(b)(6) provides that the Court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to relief."  When evaluating such a claim in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint.  However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."  Bell Atlantic v. Twombley, 550 U.S. 544, 555 (2007).  In addition, allegations of fraud must be pleaded with particularity.  Fed. R. Civ. P. 9(b).

Here, Mr. and Mrs. Brown seek leave to amend their complaint

to add the Carlisle law firm as a defendant and to add claims for "slander of credit" and "emotional distress" as well as to make additional factual allegations.  The proposed 3rd Amended Complaint makes the following allegations relevant to the dispute presented by this motion.  Mr. and Mrs. Brown allege that Carlisle initiated the foreclosure action against them in state court on behalf of their clients and falsely represented that its clients were proper party plaintiffs (specifically, holders of the loan) when, in fact, they were debt collectors.  Although not directly alleged in the proposed 3rd Amended Complaint, it appears from the exhibits to the Complaint and corresponding allegations that CitiGroup Global Markets Realty Corp. and Kondaur Capital Corporation were two clients of Carlisle who were plaintiffs in the foreclosure action at separate times.

    Mr. and Mrs. Brown also allege, in the proposed amended complaint, that Defendants Florida Coastal and Charles R. Griffith were "Substitute Plaintiffs" in the foreclosure action and that Florida Coastal, by and through its counsel, Griffith Law, made false and misleading representations that it was a proper plaintiff in both the state court foreclosure proceeding and the federal court bankruptcy proceeding.  The Browns aver that Griffith Law was actually a debt collector which was using Florida Coastal for debt collection purposes.  Mr. and Mrs. Brown also allege that those Defendants have misrepresented the "character, amount, and legal status of the Plaintiffs mortgage and note" in various documents.

    Defendants oppose this motion for leave to amend on futility grounds.  They argue that these amendments are futile because the Browns rely on an incorrect understanding of the term "servicer." Specifically, the proposed 3rd Amended Complaint attaches a letter from Kondaur Capital Corporation to Mr. Brown with a subject line reading, "Notice of Assignment, Sale or Transfer of

Servicing Rights," that informed Mr. Brown that the right to collect payments from him "is being transferred from your present servicer, Kondaur Capital Corporation ("Kondaur"), to Florida Coastal Partners, LLC, which will be your new servicer effective December 24, 2011."  (Doc. 19-1 at Exh. A).  The proposed 3rd Amended Complaint also attaches an earlier letter from Citi Residential Lending to Mr. Brown with the same subject line, which informed Mr. Brown that the servicing of the mortgage loan was being assigned, sold or transferred from Citi Residential Lending to Kondaur Capital Corp.  (Doc. 19-1 at Exh. B).  Defendants' opposition brief states, "[t]he entire basis of this attempted amendment is that Exhibits A and B state that Kondaur Capital Corporation and Florida Coastal Partners, LLC are 'servicers,' therefore it was fraudulent to claim that these parties were the 'real party in interest.'"  Defendants argue that because 12 U.S.C. §2605(i)(2) defines "servicer" to include the person who makes or holds a loan if that person also services the loan, the Complaint fails to properly support its allegations that Defendants were not the real parties in interest in the foreclosure action.

    Defendants' argument fails to demonstrate that Mr. and Mrs. Brown could not withstand a 12(b)(6) motion to dismiss.  Here, Mr. and Mrs. Brown have alleged that Florida Coastal and Carlisle's clients were not proper parties because they were debt collectors.  Mr. and Mrs. Brown's arguments are not limited to the use of the term "servicer" in the letters.  They also argue that Exhibits A and B stated that the terms and conditions of the loan had not changed and only the party who had a right to collect the payments changed, which they took to mean that the holder of the loan has not changed.  This argument does not rely on the definition of "servicer" but rather on the definition of "terms and conditions of the loan."

5

In addition, Mr. and Mrs. Brown set forth additional factual allegations relating to the status of Florida Coastal and Carlisle's clients. With respect to Florida Coastal, Mr. and Mrs. Brown allege that Florida Coastal is not a bank, mortgage company, financial institution or a Trustee, and therefore cannot be a creditor or owner of Mr. and Mrs. Brown's mortgage and note. They also allege that because they were already in foreclosure at the time Florida Coastal allegedly acquired the mortgage and note, Florida Coastal would have been a debt collector under the FDCPA. With respect to at least one client of Carlisle, Mr. and Mrs. Brown allege that Carlisle "fraudulently executed a back-dated assignment of Plaintiffs['] mortgage and note in November, 2008 to make it appear that the assignment was executed by its client (Ex. B & C) at a time when the Plaintiffs['] mortgage was not in default and to conceal that its client was a debt collector and not owner of the plaintiffs' mortgage and note (Ex. B)." Defendants respond that signing a document on November 20, 2008 and recording it with the Court ten days later is not backdating. However, Mr. and Mrs. Brown appear to be referring not to the date of signing and recording, but rather to the effective date of the Mortgage Assignment, which is stated as "March 1, 2007," more than a year before the signing. (Doc. 25 at 3). While it is not clear that Mr. and Mrs. Brown are correct that it was fraudulent backdating, their argument – that the effective date was a disingenuous attempt to avoid being labeled a debt collector – has not been addressed by Defendants. In light of all of those arguments, Defendants have failed to demonstrate that, taking the allegations in the proposed 3rd Amended Complaint as true, the proposed amendment fails as a matter of law.

Defendants also point to evidence outside the pleadings to demonstrate that Florida Coastal and the clients of Carlisle were

6

holders of the loan at the time they were claiming to be the real party in interest. However, district courts may not consider matters outside the pleadings in determining whether an amendment to a complaint would be futile. Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420-21 (6th Cir. 2000) (holding that the evidence outside the complaint should not be considered in ruling on a motion for leave to amend because, "[t]he test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss"). Accordingly, the motion for leave to amend will be granted. As a result, the motion to dismiss the "2nd Amended Complaint" will be denied as moot.

### III. MOTIONS FOR CHANGE OF VENUE

Mr. and Mrs. Brown have filed two motions for change of venue. The first seeks to move Adversary Proceeding 2:13-AP-02155 from the United States Bankruptcy Court for the Southern District of Ohio to this Court. The memorandum in support argues that this motion for transfer of venue should be granted because the claims are related and because the transfer would be in the interest of justice.

Defendants counter that this motion is moot because the Bankruptcy Court dismissed the Adversary Proceeding with prejudice in an order dated December 19, 2013. The Court's Order further states in its conclusion that, "[a]ny further filings by the Browns raising issues that the Court has previously adjudicated will be subject to appropriate sanctions under Bankruptcy Rule 9011." (Doc. 16-1).

In reply, Mr. and Mrs. Brown argue that res judicata permits them to join the claims in their Adversary Proceeding with the claims brought here because the complaint in this action was

7

filed before the December 19, 2013 dismissal order.  They also argue that their motion to transfer is not moot because they have filed a motion to alter or amend the December 19, 2013 dismissal order and may still file other motions and an appeal.

While styled as a motion for transfer of venue, Mr. and Mrs. Brown are not actually seeking to transfer venue with this motion.  Transfers of venue are governed by 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Section 1404(a) does not apply here because both this Court and the bankruptcy court in which the Adversary Proceeding was filed are in the same district (the Southern District of Ohio) and the same division (the Eastern Division).  Likewise, section 1404(b) does not apply because it governs transfers from one division to another in the same district, and section 1404(c) does not apply because it governs designating a particular city within a division as the place of trial.  See El Ranco, Inc. v. First Nat. Bank of Nev., 406 F.2d 1205, 1219 (9th Cir. 1968).

Instead, Mr. and Mrs. Brown's motion should be construed as a motion to withdraw the reference to the bankruptcy court. Typically, cases that arise "under the Bankruptcy Act and Title 11 of the United States Code," or that are "related to a case under the Bankruptcy Act and Title 11 of the United States Code," are referred to the Bankruptcy Court in accordance with under this Court's General Order of Reference to the bankruptcy courts. See General Order No. 05-02.  However, there are certain circumstances in which a district court is permitted or required to withdraw a reference to the bankruptcy courts:

The district court may withdraw, in whole or in part,

> any case or proceeding referred under this section, on
> its own motion or on timely motion of any party, for
> cause shown. The district court shall, on timely motion
> of a party, so withdraw a proceeding if the court
> determines that resolution of the proceeding requires
> consideration of both title 11 and other laws of the
> United States regulating organizations or activities
> affecting interstate commerce.

28 U.S.C.A. § 157(d) (West).

Under section 157(d), the district court "shall" withdraw a proceeding in certain circumstances if the proceeding requires consideration of United States laws other than title 11 of the United States Code. In the Adversary Proceeding at issue, the Amended Complaint alleges that it "is a core proceeding as defined at 28 U.S.C. §157(a)[&](b)(1) in that it is an action to determine whether the assignment of the Plaintiffs['] property during the automatic stay is void and the property should returned [sic] back to the Debtor. To the extent this proceeding is determined to be a non-core proceeding, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court." (2:13-ap-02155, Am. Compl. at ¶3). Accordingly, there does not appear to be any reason for mandatory withdrawal of the reference.

Also under section 157(d), the district court "may" withdraw a proceeding in whole or part "for cause shown." There is no cause for the Court to withdraw the reference here, especially because the case has been dismissed and there is a pending motion to alter or amend the bankruptcy court's order of dismissal. In addition, Defendants are correct that Mr. and Mrs. Brown's motion for change of venue is moot because at the time the motion was filed, the bankruptcy court had already entered an order dismissing the Adversary Proceeding. See, e.g., Lundahl v. Fireman's Fund Ins. Co., 129 F. App'x 479, 480 (10th Cir. 2005) (holding that the motion to withdraw the reference was moot

9

because the bankruptcy proceeding had been remanded and, therefore, there was no bankruptcy matter pending at the time the motion to withdraw the reference was filed).

Mr. and Mrs. Brown's second motion for change of venue seeks to move the state foreclosure action from the Delaware County Court of Common Pleas to this Court. However, section 1404(a) does not govern transfers between state and federal courts. See, e.g., Viron Int'l Corp. v. David Boland, Inc., 5:01-CV-42, 2002 WL 31990366, *4 (W.D. Mich. Mar. 4, 2002) ("§ 1404(a) provides no authority for a federal court to transfer a case to a state or foreign court"). Neither does Rule 18 of the Federal Rules of Civil Procedure permit such a transfer.[1] Rather, the proper mechanism for transferring a state court action to a federal district court is to file a notice of removal pursuant to 28

---

[1] Mr. and Mrs. Brown include a quote out of context with no citation to suggest that somehow Rule 18 permits removal of an action in state court. (Doc. 18 at 3). The same language is quoted by the Supreme Court in a footnote, which places the quotation in context:

> Care was taken to maintain opportunity for state trial of non-federal matters. 28 U.S.C. s 1441, 28 U.S.C.A. s 1441, Reviser's Note:'Rules 18, 20, and 23 of the Federal Rules of Civil Procedure permit the most liberal joinder of parties, claims, and remedies in civil actions. Therefore there will be no procedural difficulty occasioned by the removal of the entire action. Conversely, if the court so desires, it may remand to the State court all nonremovable matters.' See McFadden v. Grace Line, 82 F.Supp. 494.

Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 11 n. 3 (1951). It is clear in context that the Reviser's Note to section 1441 was explaining that the changes to section 1441 would not cause procedural problems because parties are permitted significant leeway in pleading claims, counterclaims, crossclaims, and third-party claims under the Federal Rules. The Reviser's note is not discussing the meaning of Rule 18, much less indicating that it provides the power to remove an action.

U.S.C. §1446 if removal is proper under that statute.  The filing
of the present action has no bearing on whether or not Mr. and
Mrs. Brown can properly remove their state court action.  The
motions for change of venue will be denied.

### IV. <u>MOTION FOR REHEARING AND NOTICES</u>

Mr. and Mrs. Brown have filed a Motion for Rehearing in
which they discuss a decision made by the bankruptcy court.  This
Court does not have authority to order a rehearing on the
bankruptcy court's decision in a separate case.  The second to
last sentence of the Motion for Rehearing states that Mr. and
Mrs. Brown also seek to join their Adversary Proceeding to the
present claim pursuant to Rule 18 of the Federal Rules of Civil
Procedure.  Rule 18 does not provide a mechanism for district
courts to transfer claims from bankruptcy courts to them.  As
discussed above, the mechanism for transferring a case from
bankruptcy court to the district courts is a motion to withdraw
the reference.  The motion for rehearing will be denied.

Mr. and Mrs. Brown have filed a "Notice of Removal Federal
Rule 18 Joinder of Claims" in which they purport to remove a
bankruptcy case with the docket number 2:11-BK-60762 to this
Court, or in the alternative, to join that case with the present
case under Rule 18 of the Federal Rules of Civil Procedure.  The
removal statute, 28 U.S.C.A. §1441, governs civil actions brought
in state court that defendants seek to remove to federal court.
The civil action at issue here is in federal bankruptcy court,
not state court, so section 1441 does not apply.  Furthermore,
Rule 18 of the Federal Rules of Civil Procedure is not a
mechanism for district courts to transfer claims from bankruptcy
courts to them.  Accordingly, the notice has no force or effect.

Lastly, Mr. and Mrs. Brown have filed a notice of electronic
transfer of docket entries.  That notice presumes that the prior
notice had some force or effect.  As it did not, this motion is

also without force or effect.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Change Venue (Doc. 9) and the Motion to Change Venue (Doc. 12) are denied. The Motion to Dismiss for Failure to State a Claim (Doc. 15) is denied as moot. The Motion for Leave to File Amended Complaint (Doc. 19) is granted. The Motion for Rehearing (Doc. 26) is denied. The Clerk shall detach and file the amended complaint attached to Doc. 19.

/s/ Terence P. Kemp
United States Magistrate Judge
