IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald Brown, et al.,              :

     Plaintiffs,                 :

  v.                                 :         Case No. 2:13-cv-1225

Florida Coastal Partners, LLC,     :         Magistrate Judge Kemp
                                   :
     Defendants.

OPINION AND ORDER

    This case (in which the parties have consented to full disposition by the Magistrate Judge) is before the Court on a motion for stay or in the alternative dismissal of state court case 08 CVE 12 1598 filed by plaintiffs Ronald Brown and Tonya Brown. (Doc. #43). For the reasons set forth below, the Browns' motion will be denied.

## I. Background

    The Browns are property owners who are parties to a foreclosure action filed in the Delaware County Court of Common Pleas as Case No. 08-CVE-12-1598. Because it is pertinent to the instant motion (and despite having done so in previous Opinion and Orders), the Court once again provides the background of that state foreclosure action. CitiGroup Global Markets Realty Corp. ("CitiGroup") filed the foreclosure case against the Browns in December, 2008. On September 8, 2010, CitiGroup filed a motion to substitute Kondaur Capital Corporation ("Kondaur") as the plaintiff. CitiGroup attached an assignment of mortgage to the motion reflecting that CitiGroup had assigned the mortgage and note to Kondaur. Before the Court of Common Pleas ruled on the motion to substitute, it became aware that Mr. Brown had filed a petition in United States Bankruptcy Court. Consequently,

pursuant to 11 U.S.C. §362, the Court of Common Pleas stayed the case on October 11, 2010.  The Court of Common Pleas lifted the stay and returned the case to its active docket on July 5, 2011.  Thereafter, on October 24, 2011, the Court of Common Pleas granted the motion to substitute.  In doing so, the Court of Common Pleas noted that after the action was filed, "Plaintiff CitiGroup ... assigned the subject mortgage together with the note to Kondaur ...."  Carlisle acted as counsel to both CitiGroup and Kondaur.

Kondaur and Florida Coastal Partners, LLC ("Florida Coastal") subsequently filed a joint motion to substitute party plaintiff and counsel.  That motion, filed on August 20, 2013, reflected that the note and mortgage were transferred by Kondaur to Florida Coastal by assignment of mortgage dated December 11, 2011.  The motion also sought to replace Carlisle and substitute Charles R. Griffith as the attorney for Florida Coastal.  The Court of Common Pleas granted the joint motion to substitute party plaintiff and counsel on September 25, 2013.

On December 13, 2013, while the foreclosure action was still pending in the Court of Common Pleas, the Browns brought this action pursuant to this Court's federal question jurisdiction, alleging that Florida Coastal and John Doe, Individuals 1-50 violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*.  The Browns also alleged fraud in connection with the mortgage on their property and sought to quiet the title to the property.  On January 3, 2014, the Browns filed an amended complaint adding Mr. Griffith as a defendant and adding, among other allegations, a claim for slander of title.  Finally, on May 23, 2014, with leave of Court, the Browns filed a "3rd amended complaint" against Florida Coastal, Mr. Griffith, Carlisle, and John Doe, Individuals 1-50.  Count one of the 3rd amended complaint alleges that the defendants violated the FDCPA.  More

specifically, the Browns allege that Carlisle falsely represented in the Common Pleas Court action that its clients were proper party plaintiffs (specifically, holders of the loan) when, in fact, they were debt collectors.  The Browns allege that Carlisle's false and misleading representations resulted in judgments and sanctions against them in the foreclosure action.  Similarly, the Browns allege that Mr. Griffith falsely represented that Florida Coastal was a proper party plaintiff in that case when, in fact, it was also a debt collector.  The Browns further allege that Florida Coastal and Mr. Griffith misrepresented the character, amount, and legal status of the mortgage and note in violation of the FDCPA.  The Browns also set forth state law claims for foreclosure fraud (count two), slander of title (count three), slander of credit (count four), emotional distress (count five), and quiet title (count six).

    On June 23, 2014, Carlisle filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  On July 21, 2014, the Browns filed a motion for Rule 11 violation and injunction of that state foreclosure case.  The Court resolved both motions in an opinion and order issued on October 10, 2014.  In that decision, the Court granted in part and denied in part Carlisle's motion to dismiss.  More specifically, the Court dismissed the Browns' claims against Carlisle for the intentional infliction of emotional distress and quiet title, but it denied the remainder of Carlisle's motion.  In addition, the Court denied the Browns' motion for Rule 11 violation and injunction of the state foreclosure case.

    One day after they filed the complaint in this case, the Browns removed the state court foreclosure action from the Delaware County Court of Common Pleas.  It became Case No. 2:13-cv-1232.  On September 24, 2014, Judge Economus of this Court issued an Opinion and Order adopting a Report and Recommendation

which determined that the Court lacked subject matter jurisdiction over the dispute, and he remanded the case to the Delaware County Court of Common Pleas. The Browns have moved to reconsider that order. To date, it does not appear that a final judgment has been entered in the foreclosure action.

## II. Discussion

Having set forth the relevant procedural history, the Court now turns to the pending motion to stay or in the alternative dismissal of state court case 08 CVE 12 1598 filed by the Browns on September 15, 2014. (Doc. 43). In the motion, the Browns once again argue that Carlisle and Florida Coastal violated the FDCPA in the state foreclosure action because they falsely represented that their clients were proper party plaintiffs (specifically, holders of mortgage note and loan) when, in fact, they were debt collectors. The Browns allege that Florida Coastal also made this misrepresentation in bankruptcy court, and it pursued and obtained "money and personal judgments" in the state court case "when the Relief from Stay order of the Bankruptcy Court prohibited ... Florida Coastal from pursuing and obtaining such judgments." Id. at 6.

Carlisle did not file a response to the Browns' motion. On September 30, 2014, Mr. Griffith and Florida Coastal filed an opposition to the motion. (Doc. 44). In their opposition, Mr. Griffith and Florida Coastal argue that "[t]he Rooker-Feldman doctrine bars the Brown's [sic] from the relief requested in their Motion in federal court." Id. at 2. According to Mr. Griffith and Florida Coastal, "[t]his doctrine clearly applies here because the Browns are attempting to use the district court as an appellate court of the state courts [sic] decision after judgment by the state court." Id. Mr. Griffith and Florida Coastal also maintain that the plaintiffs in the foreclosure proceeding were proper, and that those plaintiffs did not make

4

any false representations.  Mr. Griffith and Florida Coastal further argue that state court decisions preclude the Browns from making the arguments set forth in their motion, and that Florida Coastal is not seeking to obtain a monetary judgment against the Browns.

On October 7, 2014, the Browns filed a reply in support of their motion.  (Doc. 45).  The Browns again argue that Florida Coastal was not a proper plaintiff and that it made misrepresentations about its status as a proper party in the state court and in the bankruptcy court.  The Browns also maintain that Florida Coastal is seeking a monetary judgment against them in state court.  Further, the Browns argue that the Rooker-Feldman doctrine "does not apply when a State Court judgment has been entered in violation of the discharge injunction."  Id. at 2.

Previously, in an Opinion and Order issued on October 10, 2014, this Court considered and denied a motion for an injunction of the state court case filed by the Browns.  (Doc. 46).  In doing so, this Court relied upon the federal Anti-Injunction Act, 28 U.S.C. §2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  This Court noted that the FDCPA does not appear to authorize such injunctions, see, e.g., Piper v. Portnoff Law Associates, 262 F.Supp.2d 520, 529 (E.D. Pa. 2003)("the FDCPA does not expressly authorize enjoining state court proceedings"), and determined that an injunction against the continuation of the foreclosure case is unnecessary in order for this Court to exercise jurisdiction over the FDCPA claims or to effectuate its judgments, since none have yet been rendered.

Here, the Browns fail to provide this Court with any legal basis to reconsider its prior order, and they again fail to set

forth any legal basis for the issuance of an injunction of the state court case. For these reasons, the Browns' motion to stay or in the alternative dismissal of state court case 08 CVE 12 1598 (Doc. 43) will be denied.

### III. Conclusion

For the reasons set forth above, the Browns' motion to stay or in the alternative dismissal of state court case 08 CVE 12 1598 (Doc. 43) is denied.

/s/ Terence P. Kemp
United States Magistrate Judge