```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Ronald Brown, et al.,              :

    Plaintiffs,                    :

  v.                                 :     Case No. 2:13-cv-1225

Florida Coastal Partners, LLC,     :     Magistrate Judge Kemp
                                          :
    Defendants.

                         OPINION AND ORDER

    This case (in which the parties have consented to full disposition by the Magistrate Judge) is before the Court to determine the effect of a "Notice of Trustee's abandonment of Tonya Brown's claims agaisnt [sic] defendant Carlisle and Defendant Carlisle's motion for summary judgment" (Doc 66) which was filed by defendant Carlisle, McNellie, Rini, Kramer & Ulrich, Co., LPA ("Carlisle").  Tonya Brown filed a document in response. (Doc. 68).  For the reasons set forth below, the Court will allow Ms. Brown 21 days from the issuance of this Opinion and Order to file a response to Carlisle's previously-filed motion for summary judgment.

### I. Background

    Although the Court has done so previously, for ease of reference, the Court will provide a brief summary of the relevant facts.  The Browns are property owners who are parties to a foreclosure action filed in the Delaware County Court of Common Pleas as Case No. 08-CVE-12-1598.  On December 13, 2013, while the foreclosure action was still pending in the Court of Common Pleas, the Browns brought this action pursuant to this Court's federal question jurisdiction.  On May 23, 2014, with leave of Court, the Browns filed a "3rd amended complaint" against Florida

Coastal, Mr. Griffith, Carlisle, and John Doe, Individuals 1-50. Count one of the 3rd amended complaint alleges that the defendants violated the FDCPA.  More specifically, the Browns allege that Carlisle falsely represented in the Common Pleas Court action that its clients were proper party plaintiffs (specifically, holders of the loan) when, in fact, they were debt collectors.  The Browns allege that Carlisle's false and misleading representations resulted in judgments and sanctions against them in the foreclosure action.  Similarly, the Browns allege that Mr. Griffith falsely represented that Florida Coastal was a proper party plaintiff in that case when, in fact, it was also a debt collector.  The Browns further allege that Florida Coastal and Mr. Griffith misrepresented the character, amount, and legal status of the mortgage and note in violation of the FDCPA.  The Browns also set forth state law claims for foreclosure fraud (count two), slander of title (count three), slander of credit (count four), emotional distress (count five), and quiet title (count six).  On October 10, 2014, the Court granted in part a motion to dismiss by Carlisle, dismissing the Browns' claims against Carlisle for the intentional infliction of emotional distress and to quiet title.  (Doc. 46).

On February 20, 2015, Tonya Brown filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio, Case No. 2:15-bk-50925.  On February 27, 2015, Mr. Griffith and Florida Coastal filed a notice of bankruptcy and suggestion of stay.  (Doc. 57).  In examining the bankruptcy, the Court noted that the case was converted to a Chapter 7 bankruptcy.

In an Opinion and Order issued on July 10, 2015, the Court examined the impact of Ms. Brown's bankruptcy on this litigation. The Court determined that Ms. Brown lacked standing to pursue her pre-petition claims because those claims were now considered to

be "property of the estate."  In other words, because the United States Trustee ("UST") was the real party in interest to Ms. Brown's claims, the Court analyzed motions before it only to the extent that they pertained to Mr. Brown.  The Court granted summary judgment in favor of Carlisle as to Mr. Brown's claims, but it withheld judgment as to Ms. Brown's claims because those claims belonged to the UST.

On August 7, 2015, Carlisle filed a notice informing this Court that the UST abandoned all claims of Tonya Brown against Carlisle.  (Doc. 66).  Carlisle attached a copy of the UST's notice, which states in its totality:

> It appearing that there is no recoverable claim against Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A., for the benefit of unsecured creditors, the Trustee does hereby abandon all claims of the Debtor against Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.

(Doc. 66. Ex. 1).  In light of the UST's abandonment of Ms. Brown's claims against Carlisle, Carlisle asks the Court to grant it judgment on Ms. Brown's claims.

On August 31, 2015, Ms. Brown filed a document which she styled as an opposition to Carlisle's motion for summary judgment.  (Doc. 68).  In her opposition, Ms. Brown states:

> The abandonment of assets by a Trustee in bankruptcy is a process involving multiple events.  In the Plaintiffs [sic] pending bankruptcy case the Trustee has filed a "Report of No Distribution" on July 20, 2015.  In this instance abandonment is complete upon the discharge of the debtor and closing of the bankruptcy case (15-50925).  Neither discharge nor closing of Plaintiff's bankruptcy case has occurred to date and therefore Carlisle's motion for summary judgment is premature and should be denied.

*Id*. at 2.  For these reasons, Ms. Brown requests that this Court deny Carlisle's pending motion for summary judgment.

## II. Discussion

This Court will now examine the UST's abandonment of Ms.

3

Brown's claims against Carlisle and the effect that the abandonment has in this case. As this Court stated in its previous Opinion and Order, once a debtor files a petition in bankruptcy, only the bankruptcy trustee has standing to pursue the debtor's pre-petition causes of action. Tyler v. Capital Mgmt., Inc., 736 F.3d 455, 461 (6th Cir. 2013), citing Stevenson v. J.C. Bradford & Co. (In re Cannon), 277 F.3d 838, 853 (6th Cir. 2002). That is, the trustee, and not the debtor, has standing to pursue existing claims after the debtor files for bankruptcy protection because such claims are considered to be "property of the estate" under 11 U.S.C. §541(a)(1). See, e.g., In re Bernstein, 525 B.R. 505, 508 (N.D. Ga. 2015)("a Chapter 7 debtor lacks standing to litigate pre-petition claims and is not the real party in interest in whose name such claims may be brought unless and until such claims are abandoned by the trustee back to the debtor"). As the Court of Appeals has observed, "[t]he Bankruptcy Code itself provides that the bankruptcy estate comprises 'all legal or equitable interests of the debtor in property as of the commencement of the case,' 11 U.S.C. §541(a)(1), and it is well established that the 'interests of the debtor in property' include 'causes of action.'" Bauer v. Commerce Union Bank, Clarksville, Tenn., 859 F.2d 438, 440-41 (6th Cir. 1988).

"After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. §554(a); see also Biesek v. Soo Line R. Co., 440 F.3d 410, 413-14 (7th Cir. 2006)(noting that a Trustee may abandon assets of low value, including legal claims). As a general rule, the abandoned property returns to the debtor as if no bankruptcy has been filed. See In re Renaissance Stone Works, L.L.C., 373 B.R. 817, 820 (E.D. Mich. Aug. 28, 2007). In this case, both Carlisle

4

and Ms. Brown appear to understand that the UST's abandonment of Ms. Brown's claims against Carlisle means that those claims are no longer part of the bankruptcy estate and, at some point in time, they once again belong to Ms. Brown. The disputed issue between Carlisle and Ms. Brown seems to relate to timing – specifically, when the abandoned claims revert to Ms. Brown. Although not stated outright in its motion for summary judgment, Carlisle is proceeding as if Ms. Brown's claims have already been returned to her and are ripe for resolution in this Court. Conversely, Ms. Brown seems to believe that the claims are not yet hers to pursue despite the UST's abandonment, in light of a "Report of No Distribution" issued by the UST. According to Ms. Brown, her claims may not be litigated in this Court until she is discharged from the bankruptcy and her bankruptcy case is closed. Hence, Ms. Brown's position is that Carlisle's motion for summary judgment is premature.

On July 20, 2015, the UST issued a report of no distribution. That report provides, in relevant part:

> I, Christal L. Caudill, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed. R. Bank. P. 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee.

(Bankr. Doc. 105). In the report of no distribution, the UST informed the Bankruptcy Court that the estate had no assets available for distribution. In other words, the UST informed the Court that no creditors would receive payment and the case is considered to be what is referred to as a "no asset" case. This

5

type of report is not uncommon in Chapter 7 cases, and there is nothing in the report issued in Ms. Brown's bankruptcy case which would impede her ability to pursue the abandoned claims here.

When the UST abandons a claim, "the debtor regains standing to bring that claim because 'upon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition.'" In re Kreisel, 399 B.R. 679, 687 (C.D. Cal. Aug. 14, 2008)(quoting Catalano v. Comm'r of Internal Revenue, 279 F.3d 682, 685 (6th Cir. 2002)). "*Nunc pro tunc*" is a Latin phrase which means "now for then." In re Matter of Diamond Mortg. Corp., 77 B.R. 597, 599 (E.D. Mich. 1987). Thus, when the UST abandoned Ms. Brown's claims against Carlisle in this case, Ms. Brown's ownership in those claims reverted *nunc pro tunc*, so that she is treated as having had ownership in those claims continuously, as if the bankruptcy was never filed. See In re Renaissance Stone Works, L.L.C., 373 B.R. at 820, citing Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 617 (7th Cir. 2002)(quoting Wallace v. Lawrence Warehouse Co., 228 F.2d 392, 394 n.1 (9th Cir. 1964)); Mason v. Commissioner of Internal Revenue, 646 F.2d 1309, 1310 (9th Cir. 1980)("When the court grants a trustee's petition to abandon property in a bankrupt's estate, any title that was vested in the trustee extinguished, and title reverts back to the bankrupt, *nunc pro tunc*"); Bergeron v. Ross (In re Ross), 367 B.R. 577, 580 (W.D. Ky. 2007)(quoting Dewsnup v. Timm (In re Dewsnup), 908 F.2d 588, 590 (10th Cir. 1990))("[p]roperty abandoned under [section 554] ceases to be part of the estate.  It reverts to the debtor and stands as if no bankruptcy petition was filed"); 3 Norton Bankruptcy Law and Practice 2d §53:1 (William L. Norton, Jr., ed., June 2007 (same).

The automatic stay, which is in place to protect property of the bankruptcy estate, likewise does not prevent Ms. Brown from litigating the abandoned claims at this time.  Indeed, the

automatic stay statute indicates that the stay only "continues until such property is no longer property of the estate...." 11 U.S.C. §362(c)(1). In other words, "[w]hen property is abandoned by a Chapter 7 trustee, the automatic stay that protects property of the estate terminates." In re Wagner, 2011 WL 1625031, at *2 (Bankr. N.D. W. Va. Apr. 28, 2011). Consequently, the law as this Court understands it allows Ms. Brown to pursue her claims in this Court at this time, despite the fact that the bankruptcy case is still pending.

Based upon the foregoing, the Court finds that Carlisle's motion for summary judgment is not premature. Because Ms. Brown has yet to respond to the substance of the motion, the Court will grant her 21 days from the issuance of this Opinion and Order to file an opposition to Carlisle's motion for summary judgment.

### III. Conclusion

For the reasons set forth above, the Court grants Ms. Brown 21 days from the issuance of this Opinion and Order to file a response to Carlisle's motion for summary judgment (Doc. 66). Carlisle may file a reply within fourteen days thereafter.

/s/ Terence P. Kemp
United States Magistrate Judge