```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Ronald Brown, et al.,              :

    Plaintiffs,                :

  v.                               :      Case No. 2:13-cv-1225

Florida Coastal Partners, LLC,     :      Magistrate Judge Kemp
                                   :
    Defendants.

OPINION AND ORDER

This case (in which the parties have consented to full disposition by the Magistrate Judge) is before the Court to determine the effect of a "Notice of Trustee's abandonment of Tonya Brown's claims agaisnt [sic] defendant Carlisle and Defendant Carlisle's motion for summary judgment" (Doc 66) which was filed by defendant Carlisle, McNellie, Rini, Kramer & Ulrich, Co., LPA ("Carlisle"). Tonya Brown filed an opposition to the motion for summary judgment (Doc. 70). Carlisle did not file a reply brief, and the time for doing so has passed. Carlisle filed a "motion to strike exhibits and objection to inadmissible evidence pursuant to Fed. R. 56(C)(2) and Federal Rule of Evidence 901," which is directed to the documents attached as Exhibit A and Exhibit B to Ms. Brown's opposition (Doc. 71). Ms. Brown filed an opposition to Carlisle's motion to strike and objection (Doc. 72). For the reasons set forth below, Carlisle's motion for summary judgment will be granted, and its motion to strike will be denied as moot.

I. Background

Although the Court has done so previously, for ease of reference, the Court will provide a brief summary of the relevant facts. The Browns are property owners who are parties to a

foreclosure action filed in the Delaware County Court of Common Pleas as Case No. 08-CVE-12-1598.  On December 13, 2013, while the foreclosure action was still pending in the Court of Common Pleas, the Browns brought this action pursuant to this Court's federal question jurisdiction.  On May 23, 2014, with leave of Court, the Browns filed a "3rd amended complaint" against Florida Coastal, Mr. Griffith, Carlisle, and John Doe, Individuals 1-50.  Count one of the 3rd amended complaint alleges that the defendants violated the FDCPA.  More specifically, the Browns allege that Carlisle falsely represented in the Common Pleas Court action that its clients were proper party plaintiffs (specifically, holders of the loan) when, in fact, they were debt collectors.  The Browns allege that Carlisle's false and misleading representations resulted in judgments and sanctions against them in the foreclosure action.  Similarly, the Browns allege that Mr. Griffith falsely represented that Florida Coastal was a proper party plaintiff in that case when, in fact, it was also a debt collector.  The Browns further allege that Florida Coastal and Mr. Griffith misrepresented the character, amount, and legal status of the mortgage and note in violation of the FDCPA.  The Browns also set forth state law claims for foreclosure fraud (count two), slander of title (count three), slander of credit (count four), emotional distress (count five), and quiet title (count six).  On October 10, 2014, the Court granted in part a motion to dismiss by Carlisle, dismissing the Browns' claims against Carlisle for the intentional infliction of emotional distress and to quiet title.  (Doc. 46).

   On February 20, 2015, Tonya Brown filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio, Case No. 2:15-bk-50925.  On February 27, 2015, Mr. Griffith and Florida Coastal filed a notice of bankruptcy and suggestion of stay.  (Doc. 57).  In examining the

bankruptcy, the Court noted that the case was converted to a Chapter 7 bankruptcy.

In an Opinion and Order issued on July 10, 2015, the Court examined the impact of Ms. Brown's bankruptcy on this litigation. The Court determined that Ms. Brown lacked standing to pursue her pre-petition claims because those claims were now considered to be "property of the estate."  (Doc. 65 at 7).  In other words, because the United States Trustee ("UST") was the real party in interest to Ms. Brown's claims, the Court analyzed motions before it only to the extent that they pertained to Mr. Brown.  Among other rulings, the Court granted Carlisle's motion for summary judgment as it applied to Mr. Brown's claims, but it withheld judgment as to Ms. Brown's claims because those claims belonged to the UST.

On August 7, 2015, Carlisle filed a notice informing this Court that the UST abandoned all claims of Tonya Brown against Carlisle. (Doc. 66).  In light of the UST's abandonment of Ms. Brown's claims against Carlisle, Carlisle asked the Court to grant it summary judgment on Ms. Brown's claims.  On August 31, 2015, Ms. Brown filed a document which she styled as an opposition to Carlisle's motion for summary judgment.  (Doc. 68). In her opposition, Ms. Brown argued that Carlisle's motion was premature and should be denied.  In an Opinion and Order issued on October 31, 2015, this Court found that Carlisle's motion for summary judgment was not premature.  Because Ms. Brown had yet to respond to the substance of the motion, the Court granted her 21 days from the issuance of the Opinion and Order to file an opposition to Carlisle's motion for summary judgment.

Ms. Brown filed her opposition to Carlisle's motion for summary judgment on November 20, 2015.  (Doc. 70).  Carlisle did not file a reply brief in support of its motion, and the time for doing so has passed.  Carlisle did, however, object to and move

to strike Exhibits A and B attached to Ms. Brown's opposition. (Doc. 71). Ms. Brown filed an opposition to Carlisle's objection and motion to strike. (Doc. 72).

## II. Motion for Summary Judgment

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). "[I]f the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted." Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995)(citation omitted). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine

issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion for summary judgment must be decided.

In its motion for summary judgment, Carlisle's primary argument is that this action is merely an improper attempt by the Browns to re-litigate the foreclosure action filed and decided against them in state court. As this Court explained in its July 10, 2015 Opinion and Order, there is both a federal law standard and a state law standard for issue preclusion, also known as collateral estoppel. The federal law standard and the state law standard share several common elements. Under the federal standard, the party claiming preclusion must demonstrate:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Kosinski v. Commissioner of Internal Revenue, 541 F.3d 671, 675 (6th Cir. 2009), quoting United States v. Cinemark USA, Inc., 348 F.3d 569, 583 (6th Cir. 2003). Similarly, issue preclusion under the Ohio standard applies if:

> 1) the fact or issue was actually litigated in the prior action; 2) the court actually determined the fact or issue in question; 3) the party against whom issue preclusion is asserted was a party, or in privity with a party, to the prior action.

Osborn v. Knights of Columbus, 401 F. Supp.2d 830, 832-33 (N.D. Ohio 2005). The third element of issue preclusion under Ohio law is required only if "a party seeks to use issue preclusion offensively" in the litigation. Id., citing Chambers v. Ohio

5

Dep't of Human Services, 145 F.3d 793, 801 n.14 (6th Cir. 1998).

In the July 10, 2015 Opinion and Order, this Court found that, under both standards, Carlisle was able to establish that issue preclusion barred Mr. Brown's claims against it in this case. The Court's reasoning also applies to Ms. Brown's claims. More specifically, Ms. Brown's FDCPA claim (count one) raises issues as to whether Carlisle's clients were proper party plaintiffs, as opposed to debt collectors, and whether Carlisle made misleading representations with respect to the mortgage and note. In her fraud claim (count two), Ms. Brown alleges that Carlisle fraudulently back-dated an assignment of the mortgage and note, and that it fraudulently brought the foreclosure action on behalf of debt collectors. Ms. Brown's slander of title claim (count three) challenges the validity of the mortgage assignments. Finally, in her slander of credit claim (count four), Ms. Brown raises an issue concerning allegedly misleading and deceptive debt collection practices. As set forth by Carlisle, all of these issues were raised and resolved in the judgment decree and order of foreclosure issued by the Delaware County Court of Common Pleas on November 12, 2014.

As this Court determined previously, the Court of Common Pleas made the following findings with respect to CitiGroup and Kondaur (collectively, "Carlisle's clients") in its judgment decree and order of foreclosure:

- that Carlisle's clients provided clear and accurate disclosures and performed all of the conditions precedent required to be performed prior to the acceleration of the mortgage and initiation of foreclosure proceedings;

- that the accounting of the amount owed was accurate and the interest rate was proper;

- that the mortgage was assigned to CitiGroup on December 1, 2008 and officially recorded;

- that the mortgage was further assigned to Kondaur on November 9, 2009 and officially recorded;

- that a judgment of foreclosure against the Browns was warranted;

- that Carlisle's clients did not: breach the mortgage contract or any contract, commit fraud, violate federal laws or regulations with regard to the mortgage, engage in willful or wanton misconduct in their handling of the loan, misrepresent any material facts regarding the loan relationship, violate the Ohio Consumer Sales Practices Act, use inaccurate or misleading terms with regard to the loan, violate a fiduciary duty owed to the Browns, breach any contractual obligations of good faith, charge excessive forfeiture/penalty payments above market rates with respect to the loan, engage in unfair methods of commerce, or make any false representation orally or in writing to the Browns.

See Joint Decree and Order of Foreclosure, Case No. 08 CV E 12 1598 (Nov. 12, 2014). The determination of those issues was necessary to resolve the judgment decree and order of foreclosure. If, for example, there been improper debt collection practices, fraud, or improper assignments, those issues necessarily would have impacted the state court's decision. Further, under Ohio law, the decree of foreclosure is a final judgment for res judicata purposes. See In re Hoff, 187 B.R. 190, 194 (S.D. Ohio 1995). Finally, Ms. Brown had a full and fair opportunity to litigate these issues in the Court of Common Pleas. Here, Carlisle does not need to demonstrate mutuality of parties in the prior litigation because it seeks to use issue preclusion defensively, rather than offensively. Based on the foregoing, the Court agrees that Ms. Brown's claims against Carlisle in the instant case are barred by res judicata.

    In her opposition to the motion for summary judgment, Ms. Brown argues that she and her husband only recently learned of a

settlement agreement reached in a multi-state action involving CitiGroup.  Ms. Brown explains that, upon learning of the settlement, she and Mr. Brown filed a complaint with the Consumer Financial Protection Bureau ("CFPB") because "Citi never gave any notice to [her or Mr. Brown] regarding the National Mortgage Settlement agreement."  (Doc. 70 at 2).  Terry Ann Rowe of Citi's Executive Response Unit sent Mr. Brown a response to the inquiry, which Ms. Brown attaches to her opposition as Exhibit A. According to Ms. Brown, this correspondence makes clear "that Citi only had a Servicer relationship to Plaintiff and spouse's [sic] real property in foreclosure."  (Doc. 70 at 3).  Thus, Ms. Brown argues that Carlisle improperly "filed a foreclosure complaint, affidavit and assignment on behalf of client Citi which misrepresented its client's true relationship to the Plaintiffs and spouse's [sic] real property in foreclosure."  Id. at 6.  Ms. Brown also argues that res judicata is inapplicable in this case because the consent judgment in the multi-state action expressly reserves certain claims, including those involved in the instant case.

     If a litigant disagrees with a court's determination, the proper method of challenging that determination is a direct appeal of the case, which is also referred to as a direct attack on a civil judgment.  In contrast, if a litigant disagrees with a court's determination and challenges that determination in a separate court, that challenge is referred to as a collateral attack.  Collateral attacks may proceed in only rare circumstances because the collateral attack doctrine generally prevents a court from revisiting a judgment of another court. See Frazier v. Matrix Acquisitions, LLC, 873 F. Supp.2d 897, 904 (N.D. Ohio 2012).  The collateral attack doctrine is consistent with the notion that "final judgments are meant to be just that – final."  Id., quoting Ohio Pyro, Inc. v. Ohio Dep't of Commerce,

115 Ohio St.3d 375 (2007).

Here, Ms. Brown is generally asserting that there is new evidence demonstrating that Carlisle's client, CitiGroup, was not a proper party plaintiff in the foreclosure action, and that it made misleading representations with respect to the mortgage and note.  As noted above, the Court of Common Pleas expressly ruled on that issue.  By asking this Court to consider this evidence, Ms. Brown is attempting to collaterally attack the state court's judgment.  Because the collateral attack doctrine prevents this Court from revisiting the judgment of the Court of Common Pleas, the Court finds Ms. Brown's argument to be without merit.

In light of this Court's determination that Ms. Brown's claims against Carlisle in the instant case are barred by *res judicata*, the Court need not consider the additional arguments raised in Carlisle's motion for summary judgment.  Carlisle's motion for summary judgment will be granted as to Ms. Brown's claims.  Finally, Carlisle's motion to strike exhibits and objection will be denied as moot.

### III. Conclusion

For the reasons set forth above, Carlisle's motion for summary judgment is granted (Doc. 66), and its motion to strike and objection is denied as moot (Doc. 71).

/s/ Terence P. Kemp
United States Magistrate Judge