```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Ronald Brown, et al.,              :

    Plaintiffs,                :

  v.                               :         Case No. 2:13-cv-1225

Florida Coastal Partners, LLC,     :         Magistrate Judge Kemp
    et al.,
                                   :

    Defendants.

OPINION AND ORDER

    This case was brought by Ronald and Tonya Brown in an effort to stop a foreclosure action which had been brought in the Delaware County, Ohio Court of Common Pleas. This matter is now before the Court on a motion for summary judgment filed on behalf of defendants Florida Coastal Partners, LLC ("Florida Coastal") and Charles Griffith, its statutory agent. The Browns have neither filed a response nor requested additional time to do so. Thus, the motion is ripe for decision. For the following reasons, the motion for summary judgment (Doc. 76) will be granted.

I. Background

    Although it has done so previously, for ease of reference, the Court will summarize the relevant facts. The Browns are property owners who were parties to a foreclosure action filed in the Delaware County Court of Common Pleas as Case No. 08-CVE-12-1598. On December 13, 2013, while the foreclosure action was still pending in the Court of Common Pleas, the Browns brought this action pursuant to this Court's federal question jurisdiction. On May 23, 2014, with leave of Court, the Browns filed a third amended complaint against Florida Coastal, Mr. Griffith, the law firm of Carlisle, McNellie, Rini, Kramer &

Ulrich Co. LPA ("Carlisle"), and John Doe, Individuals 1-50. Count one of the third amended complaint alleges that the defendants violated the Fair Debt Collections Practices Act ("FDCPA"). The Browns alleged that Carlisle falsely represented in the Common Pleas Court action that its clients were proper party plaintiffs (specifically, holders of the loan) when, in fact, they were debt collectors. The Browns allege that Carlisle's false and misleading representations resulted in judgments and sanctions against them in the foreclosure action. Similarly, the Browns allege that Mr. Griffith falsely represented that Florida Coastal was a proper party plaintiff in that case when, in fact, it was also a debt collector. The Browns further allege that Florida Coastal and Mr. Griffith misrepresented the character, amount, and legal status of the mortgage and note in violation of the FDCPA. The Browns also set forth state law claims for foreclosure fraud (count two), slander of title (count three), slander of credit (count four), emotional distress (count five), and quiet title (count six). On October 10, 2014, the Court granted in part a motion to dismiss by Carlisle, dismissing the Browns' claims against Carlisle for the intentional infliction of emotional distress and to quiet title. (Doc. 46).

    On February 20, 2015, Tonya Brown filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio, Case No. 2:15-bk-50925. On February 27, 2015, Mr. Griffith and Florida Coastal filed a notice of bankruptcy and suggestion of stay. (Doc. 57). In examining the bankruptcy, the Court noted that the case was converted to a Chapter 7 bankruptcy. In an Opinion and Order issued on July 10, 2015, the Court examined the impact of Ms. Brown's bankruptcy on this litigation. The Court determined that Ms. Brown lacked standing to pursue her pre-petition claims because those claims

were now considered to be "property of the estate." (Doc. 65 at 7). In other words, because the United States Trustee ("UST") was the real party in interest to Ms. Brown's claims, the Court analyzed motions before it only to the extent that they pertained to Mr. Brown. Among other rulings, the Court granted Carlisle's motion for summary judgment as it applied to Mr. Brown's claims, but it withheld judgment as to Ms. Brown's claims because those claims belonged to the UST.

On August 7, 2015, Carlisle filed a notice informing this Court that the UST abandoned all claims of Tonya Brown against Carlisle. (Doc. 66). In light of the UST's abandonment of Ms. Brown's claims against Carlisle, Carlisle asked the Court to grant it summary judgment on Ms. Brown's claims. In an Opinion and Order dated February 9, 2016, the Court granted Carlisle's motion for summary judgment as to all of Ms. Brown's claims. On July 18, 2016, the UST also filed an abandonment of all of Ms. Brown's claims against Florida Coastal. The only remaining claims in this matter are claims one through four against defendants Florida Coastal and Mr. Griffith, who now seek summary judgment.

## II. Legal Standard

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). "[I]f the evidence is insufficient to

3

reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted." Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995)(citation omitted). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.

The fact that a motion for summary judgment is unopposed does not lessen the burden on the moving party or the court. Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 410 (6th Cir. 1992) (citation omitted). "When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." Miller v. Shore Fin. Services, Inc., 141 F. App'x 417, 419 (6th Cir. 2005) (citation omitted). Courts are not required to "comb the record from the partisan perspective of an advocate for the non-moving party," but rather courts "may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in

reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" Guarino, 980 F.2d at 410. It is with these standards in mind that the instant motion must be decided.

### III. Discussion

On October 28, 2016, defendants Florida Coastal and Mr. Griffith (hereinafter "Defendants") filed a motion for summary judgment, arguing that the claims against them are barred by the doctrine of res judicata because they have already been decided by the state court in the November 12, 2014 final judgment rendered in case number 08-CVE-12-1598 (The State Foreclosure Action)." (Doc. 76-1). There is both a federal law standard and a state law standard for issue preclusion, also known as collateral estoppel, and these standards share several common elements. Under the federal standard, the party claiming preclusion must demonstrate:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Kosinski v. Commissioner of Internal Revenue, 541 F.3d 671, 675 (6th Cir. 2008), quoting United States v. Cinemark USA, Inc., 348 F.3d 569, 583 (6th Cir. 2003). Similarly, issue preclusion under the Ohio standard applies if:

> 1) the fact or issue was actually litigated in the prior action; 2) the court actually determined the fact or issue in question; 3) the party against whom issue preclusion is asserted was a party, or in privity with a party, to the prior action.

Osborn v. Knights of Columbus, 401 F. Supp.2d 830, 832-33 (N.D. Ohio 2005). The third element of issue preclusion under Ohio law

is required only if "a party seeks to use issue preclusion offensively" in the litigation. Id., citing Chambers v. Ohio Dep't of Human Services, 145 F.3d 793, 801 n.14 (6th Cir. 1998).

Under both standards, the Defendants are able to establish that issue preclusion bars the Browns' claims against them in this case. The Browns' FDCPA claim (count one) raises issues as to whether the Defendants's clients were proper party plaintiffs, as opposed to debt collectors, and whether the Defendants made misleading representations with respect to the mortgage and note. In the fraud claim (count two), the Browns allege that the Defendants fraudulently back-dated an assignment of the mortgage and note, and that they fraudulently brought the foreclosure action on behalf of debt collectors. The Browns' slander of title claim (count three) challenges the validity of the mortgage assignments. Finally, in their slander of credit claim (count four), the Browns raise an issue concerning allegedly misleading and deceptive debt collection practices. As set forth by the Defendants, all of these issues were raised and resolved in the judgment decree and order of foreclosure issued by the Delaware County Court of Common Pleas on November 12, 2014.

In the judgment decree and order of foreclosure, the findings of the Court of Common Pleas included the following:

- Florida Coastal is the holder of the note and mortgage and is the real party in interest;

- Florida Coastal has performed all of the conditions precedent to be performed by it prior to acceleration of the mortgage and initiation of foreclosure proceedings and further has stated a claim upon which relief can be granted;

- The accounting of the amount due to Florida Coastal was accurate and the interest rate as stated in the foreclosure complaint was proper;

- The Browns executed and delivered to Ameriquest Mortgage Company their certain mortgage deed, as

> described in the foreclosure complaint and on the premises therein described and duly recorded. Said mortgage was subsequently assigned various times, most recently to Florida Coastal on December 21, 2011, and duly recorded as required.
>
> - Florida Coastal did not violate the Truth in Lending Act, and provided all proper terms of the mortgage, did not breach the mortgage contract or any contract, did not commit fraud, and did not violate any federal laws or regulation with respect to the mortgage;
>
> - Florida Coastal provided clear and accurate disclosure, did not engage in unfair methods of commerce, and did not make any false representation orally or in writing to the Browns'
>
> - Florida Coastal did not engage in willful or wanton misconduct in its handling of the loan, and did not misrepresent any material facts regarding the loan relationship; and
>
> - Florida Coastal did not violate the Ohio Consumer Sales Practices Act, did not violate the Ohio Mortgage Broker Act, did not use inaccurate or misleading terms with regard to the loan.

Doc. 76-1: Joint Decree and Order of Foreclosure, Case No. 08 CV E 12 1598 (Delaware Cty. Nov. 12, 2014).  The determination of those issues was necessary to resolve the judgment decree and order of foreclosure.  If, for example, there been improper debt collection practices, fraud, or improper assignments, those issues necessarily would have impacted the state court's decision.  Further, under Ohio law, the decree of foreclosure is a final judgment for res judicata purposes.  See In re Hoff, 187 B.R. 190, 194 (S.D. Ohio 1995).  The Browns had a full and fair opportunity to litigate these issues in the Court of Common Pleas.

 The claims against Mr. Griffith arise solely in the context of his role as statutory agent for Florida Coastal. It is well

settled law that Mr. Griffith, as agent for Florida Coastal, essentially acted on behalf of the company as it "alter ego." <u>See In re Nat'l. Century Financial Enterprises, Inc.</u>, 783 F.Supp.2d 1003 (S.D. Ohio 2011), <u>citing</u> <u>In re Dublin Securities</u>, 133 F.3d 377, 380-81 (6th Cir. 1997).  This necessarily leads to the conclusion that if the state court made the finding that Florida Coastal acted properly with respect to the foreclosure, so did Mr. Griffith.  Here, the Defendants do not need to demonstrate mutuality of parties in the prior litigation because they seek to use issue preclusion defensively, rather than offensively.  Based on the foregoing, the Court agrees that the Browns' claims against the Defendants in the instant case are barred by <u>res judicata</u>.  The Defendants' motion for summary judgment will be granted as to the claims against Florida Coastal and Mr. Griffith.  The Court also notes that there has been no identification of or service upon the "John Doe" defendants in this matter, so there are no valid claims remaining against any defendants.

### IV. <u>Conclusion</u>

For the reasons set forth above, the motion for summary judgment (Doc. 76) is granted as to all claims brought by against defendants Florida Coastal and Mr. Griffith.  This case is dismissed with prejudice and the Clerk is directed to enter judgment in favor of all defendants.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge